Pillot, Demandante y Apelante, *v.* Pillot, Demandada y Apelada, y Balestier, Interventor y Apelado.

Apelación procedente de la Corte de Distrito de Guayama en un caso sobre cobro de dinero; incidente sobre intervención.

No. 1251.—Resuelto en mayo 18, 1915.

Intervención—Persona no Demandada—Interés Contrario al Demandante:—El artículo 63 del Código de Enjuiciamiento Civil no tiene aplicación a los casos en que una persona que no ha sido demandada y que tiene interés contrario al demandante desea intervenir en el pleito, en cuyo caso la disposición aplicable es la del artículo 72 del mismo Código. Véase *Pillot* v. *Pillot y Balestier*, 21 D. P. R., 200.

Id.—Objeto del Artículo 63 del Código de Enjuiciamiento Civil—Parte Demandada.—El objeto del artículo 63 del Código de Enjuiciamiento Civil es el de indicar al demandante las personas que debe incluir como partes demandadas y no.puede servir de fundamento a una persona para pedir que se le permita intervenir como demandado ni para una resolución concediéndole la intervención.

Id.—Orden Motu Propio de la Corte Sobre Comparecencia de una Persona como Demandada.—La razón de ser del artículo 74 del Código de Enjuiciamiento Civil es dar autoridad a la corte para que, cuando no pueda llegar a una completa resolución de la controversia sin la presencia de otras personas que no figuran en el pleito, ordene *motu propio* su comparecencia.

Los hechos están expresados en la opinión.

Abogados de la demandante y apelante: *Sres. F. Cervoni Gely y M. Benítez Flores.*

Abogado del interventor y apelado: *Sr. C. Domínguez Rubio.*

La demandada y apelada no compareció.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Martina Pillot demandó en el Tribunal de Distrito de Guayama a Josefa Pillot para que le pagase cierta cantidad de dinero que por ella había satisfecho. No habiendo comparecido la demandada el secretario del tribunal registró sentencia en rebeldía contra ella.

Poco tiempo después se personó en esos autos Eugenio Balestier con una moción interesando que de acuerdo con los artículos 63 y 74 del Código de Enjuiciamiento Civil se dictara por el tribunal una orden asociándolo como demandado y que se le entregaran copias de la demanda y del emplazamiento para en su día contestar la demanda oponiéndose a las pretensiones de la demandante, con cuyo fin alegó que la demandante es la madre de la demandada, quien es la esposa del peticionario; que a pesar de que la demanda se refiere a cantidades que se dicen pagadas por cuenta de su esposa, él no ha sido hecho parte en la acción; que tiene interés en demostrar la falsedad de las alegaciones de la demandante, las que no tienen otro objeto que despojar a la sociedad de gananciales de él con la demandada de los bienes que les pertenecen, sociedad que está sujeta a probable disolución como consecuencia de un pleito de divorcio que tienen pendiente y que nunca ha renunciado la representación de la sociedad de gananciales.

Contra la resolución favorable de esa moción es que Mar-

tina Pillot interpuso el presente recurso de apelación con súplica de que la revoquemos, a cuyo efecto después de presentar muy tardíamente la transcripción de los autos argumentó su abogado por escrito y oralmente, limitándose la parte apelada a alegar por escrito.

Los artículos 63 y 74 en que se apoya la moción y en los cuales el juez se fundó para dictar la resolución apelada dicen así:

"Artículo 63.—Cualquiera persona podrá ser constituída en demandado, siempre que tenga o alegue tener interés en la contienda en oposición al demandante, o sea parte indispensable para la completa determinación o arreglo de la cuestión litigiosa. Y en una acción para determinar el título o derecho de posesión de propiedad inmueble que, al tiempo de entablarse la demanda, estuviese en poder de un arrendatario, el propietario podrá asociarse como parte demandada."

"Artículo 74.—La corte podrá resolver cualquier controversia entre las partes, siempre que fuere posible hacerlo sin perjudicar los derechos de otros, o salvando éstos; pero cuando no se pueda llegar a una completa resolución de la controversia sin la presencia de otras personas, la corte deberá entonces disponer la comparecencia de éstas, y acto seguido la parte a quien la corte lo ordene deberá hacer que se entregue, en la forma general prescrita para las citaciones, una copia de la dispuesta en el pleito, y de la orden antedicha, a cada una de las partes cuya comparecencia se hubiere ordenado, las cuales tendrán diez días, o el tiempo que dispusiere la corte, después de notificada dicha citación, para comparecer y alegar su derecho; y en caso de que dicha parte dejase de comparecer y alegar en juicio dentro del plazo señalado, la corte podrá disponer que se haga constar su ausencia y proceder como en los demás casos de rebeldía, o dictar nueva orden de acuerdo con lo que el estado de la causa y la justicia exigieren, y cuando en una acción ejercitada para obtener la posesión de propiedad inmueble o mueble, una persona que, sin ser parte en el juicio tuviere interés en el asunto litigado, solicite de la corte que se le considere como parte, podrá así ordenarse por medio de la correspondiente enmienda."

El primero de esos preceptos no tiene aplicación a los casos en que una persona que no ha sido demandada y que tiene interés contrario al del demandante desea intervenir

en el pleito, en cuyo caso la disposición aplicable es la del artículo 72. *Pillot* v. *Pillot y Balestier,* 21 D. P. R., 200. El artículo 63 tiene por objeto indicar al demandante las personas que debe incluir como partes demandadas. Por tanto este precepto no puede servir de fundamento a una persona para pedir que se le permita intervenir como demandada ni para una resolución concediéndole la intervención.

El artículo 74 tampoco es aplicable al caso presente, pues su razón de ser es dar autoridad a la corte para que cuando no pueda llegar a una completa resolución de la controversia sin la presencia de otras personas que no figuran en el pleito, ordene *motu propio* su comparecencia.

La resolución apelada debe ser revocada.

*Revocada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.